EMANUEL LION, Sheriff, plaintiff in error vs. WILLIAM T WILCHER, defendant in error.

Money in the hands of the Sheriff, belonging to one mercantile firm cannot be appropriated to the payment of cost executions against another firm.

Rule against Sheriff, in Polk Superior Court. Decision by Judge HAMMOND, at April adjourned Term, 1858.

Verderey & Burton held a mortgage against Augustus N. Verderey, to secure a debt of about seventeen hundred dollars. This mortgage was assigned and transferred by the mortgagees to Wiley, Banks & Co., and Lane, Banks & Co., as collateral security for debts, due by the assignors to them, under an agreement or understanding, that the debt due to Wiley, Banks & Co., was to be first paid, and then that due to Lane, Banks & Co. About eleven hundred and fifty dollars of the mortgage was paid by the mortgagor before foreclosure, and which was paid over in satisfaction of the claim of Wiley, Banks & Co. The mortgage was then foreclosed, for the balance due, and upon the *fi. fa.* issued upon judgment of foreclosure, the Sheriff raised about eight hundred and fifteen dollars, of which sum, five hundred and fifty dollars was paid by the Sheriff to plaintiff's attorneys, in part payment and satisfaction of the claim of Lane, Banks & Co. The balance, about two hundred and sixty-five dollars, was in the hands of the Sheriff.

Upon the motion of Wilcher, the Clerk of the Court, in behalf of himself and other officers, a rule issued against the Sheriff, to show cause why he should not pay over to said officers, out of the proceeds in his hands, the amounts due to them, on certain *fi. fa's.* issued for cost, against said plaintiffs in the mortgage *fi. fa.,* and which had been returned *nulla bona.*

The Sheriff answered, setting out the above facts, and further, that the balance of the funds in hand, belonged exclusively to Lane, Banks & Co., and no part thereof belonged to Wiley, Banks & Co., and that these two firms are composed of different persons. That he was ready and willing to pay the executions against Lane, Banks & Co., issued as aforesaid for cost, but submits whether he shall pay the executions against Wiley, Banks & Co.

It appeared that there were twenty-one cost *fi. fas.* at the suit of the officers of Court against Wiley, Banks Co., amounting in the aggregate to about two hundred and fifty dollars;

and three *fi. fas.* against Lane, Banks & Co., amounting to about thirty-five dollars.

Upon this answer the Court made the rule absolute, and ordered the Sheriff to pay off all the cost *fi. fas.*, as well those against Lane Banks & Co., as those against Wiley, Banks & Co. To which decision counsel for Lane, Banks & Co., through Emanuel Lyon, Sheriff, excepted.

CHISOLM & WADDELL, for plaintiff in error.

UNDERWOOD & SMITH, *contra*.

*By the Court.*—McDONALD J. delivering the opinion.

This cause must be determined by the return of the Sheriff, which was not controverted. According to that return, the money in his hands, belonged exclusively to Lane, Banks & Co., and no part belonged to Wiley, Banks & Co. The mortgage was assigned to Wiley, Banks & Co., and to Lane, Banks & Co., under an agreement that Wiley, Banks & Co., were to be first paid. They had been paid in full, and of course, had no further claim upon the fund. The Court below directed the money of Lane, Banks & Co., or a part of it, to be applied to cost executions against Wiley, Banks & Co. Executions or judgments against Wiley, Banks & Co., could have no lien on the property or money of Lane, Banks & Co., and could not be levied on it, in the hands of the officer or elsewhere, and to order money of Lane, Banks & Co., to be applied to the payments of judgments of Wiley, Banks & Co., is erroneous, and the judgment to the Court below to that effect must be reversed.

Judgment reversed.